## SUPREME COUR .

### BOGARDUS THE ELDER agt. PARKER AND OTHERS.

A widow's claim for dower of real estate is not subject to a set off for damages, nor for moneys due, nor for the receipt of rents and profits of the whole of the lands in which she claims dower.

Nor, where *she* claims no damages, can such set off be interposed as a ' counterclaim' under the Code.

The counterclaim allowed by the Code in an action not arising on contract, must arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim or be connected with the subject of the action.

*New York Special Term, October* 1852. The plaintiff claims dower in certain lands as the widow of General Bogardus, and

that her dower may be awarded and set off to her, and for other relief. She does not allege that any of the defendants are in possession, and does not claim to recover damages against them.

The defendants in their answer allege that she has been in the possession of all the rents and profits of the lands since her husband's death; and that the amount thus received by her exceeds the value of the dower claimed by her; and prays that an account of the value of each may be taken, and the one set off against the other, and that she be adjudged to pay to the defendants, the heirs of General B. any excess of rents received by her beyond the value of her dower. To this answer there is a demurrer.

——— ———, *for Plaintiff.*

——— ———, *for Defendants.*

MITCHELL, Justice.—It is said in support of the answer, that the right of the widow to dower before admeasurement is a mere chose in action; that as such, it is not assignable at law; and from this it is inferred that it is subject to all equitable defences or set offs. The assignee of a chose in action takes it subject to all equitable defences existing in favor of others before the assignment; and it is because such assignee has no right at law, but only a right in equity that his claim is subject to such defences. The right of the wife to dower is a chose in action because it can not be enforced except by action; but it is not a personal chose or right, but a right to real estate, and was enforced by one of the old real actions, or, where damages were to be recovered, by the old mixed action, in which the right to real estate was adjudged and damages also given for the detention. The wife was not *obliged* to go into equity to obtain this right; but as dower was a favorite in the law, so the Court of Chancery chose also (by what is generally deemed a usurpation of power now too well established to be disputed) to favor the doweress by giving her relief in that court also. Although she can not assign her right, nor can a suit be brought for it except in her name, in this she is like an heir at law of an ancestor who died, owning lands held by another adversely to him. Her claim to the land is no more subject to a set off for damages or for moneys due, than would be the right of the heir in such a case. After the

dower shall be admeasured and the heirs shall have recovered a judgment for the excess of rents received by her, that judgment will be a lien on her estate and may be satisfied out of it.

It is said that this defence may be set up as a counterclaim under the amended Code. The counterclaim allowed by the Code must arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or be connected with the subject of the action. If the plaintiff claimed damages, the defendants' counterclaim would come within this rule. The transaction set forth in the complaint is the marriage, seisin and death of the husband. The defendants' claim against *the plaintiff* does not arise out of those matters nor is it connected with them, but arises out of subsequent matters, namely, that *after* the death of the husband she unlawfully received rents, which belonged to them, and therefore she should pay to them damages for the rents. thus unlawfully collected by her.

The demurrer is allowed, and judgment is to be for the plaintiff that she recover her dower and that it be admeasured to her, without damages for the detention of it and without prejudice to her right to set up the right to one third of the rents *in* any suit that may be brought against her for damages.