LOUISA C. BONERT, Plaintiff, *v.* LUCILLE C. BONERT, Individually and as Administratrix, etc., of LOUIS BONERT, Deceased, et al., Defendants.

(Supreme Court, Kings Special Term for Motions, July, 1920.)

Dower — admeasurement of — pleading — damages — when motion for judgment on the pleadings denied — Code Civ. Pro. § 501.

An action for the admeasurement of dower is one *in rem* and individual claims of the daughter of the decedent against the plaintiff will not diminish or defeat a recovery, for though well pleaded they are not proper counterclaims under section 501 of the Code of Civil Procedure.

Demurrer to the attempted counterclaims sustained, and plaintiff's motion for judgment on the pleadings granted, without damages for the detention of plaintiff's dower and without prejudice to her right to set up the right to one-third of the rents in any suit brought against her for damages.

ACTION for the administration of dower.

Meier Steinbrink (Frank E. Johnson, Jr., of counsel), for plaintiff.

Wingate & Cullen (Conrad Saxe Keyes, of counsel), for defendant Lucille C. Bonert.

SQUIERS, J. This action is brought for the admeasurement of dower. Louis Bonert died intestate, leaving as his only heir at law the defendant Lucille C. Bonert, and his widow, the plaintiff in this action. His daughter was appointed administratrix of his estate. The administratrix qualified, administered the estate and has filed her final account in the Surrogate's Court of Kings county and has been finally discharged by a decree of the court, her accounts having been judicially settled.

The defendant daughter interposes to the complaint herein three counterclaims, which are in substance as follows:

*First.* The defendant alleges that as administratrix she paid out for administration expenses and in payment of the claims of creditors an amount far in excess of the personal estate, and for taxes which had accrued at the date of the death of the decedent a further substantial amount. She alleges further that an agreement was entered into between her and the plaintiff herein which was filed in her account as administratrix providing that in lieu of the said debts being declared a lien upon the real property she and the plaintiff would assume and agree to pay the same instead of having the same charged against their respective interests in the real property.

The defendant further alleges that she paid the personal indebtedness of the estate in excess of $30,000, and that the plaintiff under the aforesaid agreement is liable for one-half thereof.

*Second.* The defendant for a second counterclaim alleges that the total income from the improved real estate was not more than sufficient to pay the taxes, interest, repairs and carrying charges upon all of said real estate of which said decedent died seized, and that the amount of taxes and other charges upon the real estate belonging to said decedent has been upwards of the sum of $5,000 in excess of the income received therefrom, and that one-third of said excess of expenses over receipts from said real estate is chargeable against the dower interest of the plaintiff herein.

*Third.* For a third counterclaim the defendant alleges that she and the plaintiff were the owners of a number of parcels of real estate, all of which were managed by the defendant for the benefit of herself

and the plaintiff, and that in the management and care of such property she has expended various sums of money in excess of the amount of income received from the said real estate, and that there is due and owing from the plaintiff to the defendant herein by reason thereof upwards of $1,000, which the defendant prays may be charged against the dower interest of the plaintiff.

The plaintiff demurs to each of the counterclaims on the following grounds:

*First.* That neither of them sets forth facts sufficient to constitute either a defense or a counterclaim and each is insufficient in law and the facts thereof.

*Second.* That none of the counterclaims are of the character specified in section 501 of the Code of Civil Procedure.

The plaintiff makes this motion for judgment on the pleadings and for an order of reference under section 1619 of the Code of Civil Procedure.

Under section 501 of the Code of Civil Procedure the counterclaim pleaded must tend in some way to diminish or defeat the plaintiff's recovery. This is the basic essential of a counterclaim within the Code and, further, it must be one of the following causes of action:

1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action.

2. In an action on contract, any other cause of action on contract, existing at the commencement of the action.

An action for dower is not an action on contract. " Dower is not the result of any contract between husband and wife, either express or implied, but an institution of the state, founded upon public policy, and

made by positive law an incident of the marriage relation.'' 19 C. J. 460. ''A proceeding for the recovery of dower is not one *in personam* against the heirs at law, but is in the nature of a proceeding *in rem* against real estate to secure an assignment to the widow of that portion of the real estate in which she is entitled to dower.'' 19 C. J. 554. It is clear from the authorities, therefore, that the action is not one on contract, neither is it in the nature of a transaction. The only other point, then, to consider, therefore, is whether these counterclaims are connected with the subject of the action.

The subject of the action is a determination of the amount of dower to which the widow was entitled as of the death of her husband, and, as has been said, in an action *in rem* and not *in personam.* The counterclaims which the defendant attempts to set up are in the nature of individual claims against the plaintiff, and do not affect the amount of the widow's dower, and therefore are not effective even if well pleaded to diminish or defeat the plaintiff's recovery.

The claim of the defendant, if any, is an individual claim against the plaintiff, the widow. The widow's claim is not against the defendant individually, but is a suit based upon her status as the widow of the decedent to fix the amount which the law gives her in the estate of her husband. It is apparent, therefore, from a statement of the principle which applies that the counterclaims which the defendant attempts to assert herein are not proper counterclaims to be asserted in an action of this nature. So far as the second counterclaim is concerned, it does not state facts sufficient to constitute a cause of action. In *Bogardus* v. *Parker,* 7 How. Pr. 303, 304: '' Her (the widow) claim to the land is no more subject to a set off for damages or for moneys due, than would be the

right of the heir in such a case. After the dower shall be admeasured and the heirs shall have recovered a judgment for the excess of rents received by her, that judgment will be a lien on her estate and may be satisfied out of it. It is said that this defense may be set up as a counterclaim under the amended Code. The counterclaim allowed by the Code must arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or be connected with the subject of the action. If the plaintiff claimed damages, defendants' counterclaim would come within this rule. The transaction set forth in the complaint is the marriage, seizin and death of the husband. The defendants' claim against the plaintiff does not arise out of those matters nor is it connected with them, but arises out of subsequent matters, namely, that after the death of the husband she unlawfully received rents, which belonged to them, and therefore she should pay to them damages for the rents thus unlawfully collected by her. The demurrer is allowed, and judgment is to be for the plaintiff that she recover her dower and that it be admeasured to her, without damages for the detention of it and without prejudice to her right to set up the right to one-third of the rents in any suit that may be brought against her for damages." The plaintiff's motion for judgment on the pleadings is therefore granted.

Motion granted.